UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-61630-CIV-GAYLES/SELTZER

JO ANN BUCHALTER,

        Plaintiff,

vs.

ASTRAZENECA PHARMACEUTICALS, LP,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** has come before the Court upon Defendant AstraZeneca Pharmaceuticals, LP's, Motion to Stay Proceedings Pending Plaintiff's Amendment to Include any Additional Discrimination, Retaliation and Equal Pay Act Claims [DE 37]. The District Court has referred all non-dispositive pretrial matters to the undersigned for disposition [DE 34].

Plaintiff Jo Ann Buchalter ("Buchalter") filed an Amended Complaint [DE 9] against AstraZeneca Pharmaceuticals, LP ("AstraZeneca") alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act of 1992 ("FCRA"). Buchalter is a 67-year old woman who has been a sales representative at AstraZeneca from 2000 to present. In the Amended Complaint, Buchalter pled the following counts: (1) age discrimination in violation of the ADEA; (2) age discrimination in violation of the FRCA; (3) retaliation for reporting discriminatory acts; and (4) per se discrimination.

When Buchalter served her discovery responses, AstraZeneca learned for the first time that on February 27, 2018, Buchalter filed a second charge of discrimination with the EEOC under Title VII for gender discrimination, retaliation, and continued age discrimination. In addition, on June 25, 2018, Plaintiff's counsel expressed his intention to file an action under the Unequal Pay Act. AstraZeneca moves to stay these proceedings until Plaintiff files her additional claims so that the cases can be consolidated. Buchalter opposes the request.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."). In determining whether to grant a stay, courts consider the following factors: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co., 2017 WL 6411099, at *3 (S.D. Fla. Dec. 14, 2017) (quoting Grice Eng'g, Inc. v. JG Innovations, Inc., 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (internal quotations omitted)). The Court concludes that in this case a stay is not warranted.

First, this case is not at an early stage. The discovery deadline is August 13, 2018 [DE 39]. The deposition of Buchaltar is scheduled for July 30, 2018. (DE 40 at 1). Further, AstraZeneca has known for nearly five months, since February 27, 2018, that Buchalter filed a second charge with the EEOC, yet it waited until July to request a stay. Granting the Motion at this late stage would not decrease the burden of litigation on either the Court or the parties. See Flecha v. Neighbors Moving Servs., Inc., 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) (denying defendant's stay of discovery because defendant did not assert that discovery is unusually burdensome, and there was a short time remaining to conduct discovery).

Second, the filing of additional claims is, at this point in time, not a certainty. Defendant's request for a stay is open-ended and without a time limit. The Court cannot stay a case pending a contingency that may never ripen. Nor would a stay streamline these proceedings. Nothing that happens in Plaintiff's second EEOC proceedings will have any effect on the claims raised in this litigation. The undersigned finds no procedural benefit to imposing a stay.

Lastly, AstraZeneca will not be unduly prejudiced by proceeding with the current litigation. See Sokoli v. J&M Sanitation, Inc., 2015 WL 7720466, at *5 (D. Idaho Nov. 27, 2015) (denying defendant's motion to stay because defendant did not indicate it will suffer unfair prejudice if this matter proceeds, other than the possibility of having to defend two separate lawsuits). Although there may be efficiencies in litigating all the discrimination claims at one time, AstraZeneca cannot establish undue prejudice from proceeding with the age claims at this time. Indeed, the doctrine of res judicata may provide AstraZeneca with more protection from multiple lawsuits than would a stay. See

Sokoli, 2015 WL 7720466, at *5 (denying defendant's request for a stay, noting it is plaintiff's responsibility – not the defendant's – to request a stay pending a second EEOC investigation; defendant could actually benefit from res judicata). Horne v. Potter, 2009 WL 10667166, at *4 (S.D. Fla. Dec. 9, 2009) (Dimitrouleas, D.J.), aff'd, 392 F. App'x 800 (11th Cir. 2010) (subesquent action brought after a second EEOC filing barred by res judicata); Jang v. United Techs. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000) (holding that res judicata barred plaintiff from splitting his causes of action and bringing his ADA claim after earlier action was dismissed for lack of a right to sue letter and other claims were dismissed on its merits).

For the reasons set forth above, the Court concludes that a stay is not warranted. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant AstraZeneca Pharmaceuticals, LP's, Motion to Stay Proceedings Pending Plaintiff's Amendment to Include any Additional Discrimination, Retaliation and Equal Pay Act Claims [DE 37] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 24th day of July 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF

4